IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **RANDY KAADY dba FOCAL POINT CREATIONS, an Oregon corporation,** | No. 3:11-cv-00706-MO |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **MID-CONTINENT CASUALTY COMPANY, an Ohio corporation,** | |
| Defendant. | |

**MOSMAN, J.**,

On January 10, 2013, I entered a judgment of dismissal [44] as to plaintiff's complaint in its entirety, thereby entitling defendant to costs. Defendant now seeks $974.60 in costs [46]. For the following reasons, I award defendant $702.35 in costs.

## DISCUSSION

Defendant seeks reimbursement for costs associated with (1) fees for service of summons and subpoena; (2) fees for printed or electronically recorded transcripts; (3) fees and disbursements for printing; and (4) fees for witnesses. (Bill of Costs [46] at 1.) Plaintiff argues

that I should deny all costs because defendant's "costs are not recoverable" under 28 U.S.C. § 1920. (Obj. [47] at 1.)

I. <u>**Recoverable Costs**</u>

Costs, generally, are awarded to the prevailing party in a civil action as a matter of course unless the court directs otherwise. Fed. R. Civ. P. 54(d). Expenses that may be taxed as costs are enumerated in 28 U.S.C. § 1920. The court may not tax costs beyond those authorized by 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). "Courts, however, are free to construe the meaning and scope of the items enumerated as taxable costs in § 1920." *Frederick v. City of Portland*, 162 F.R.D. 139, 142 (D. Or. 1995) (citing *Aflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 177 (9th Cir. 1990)). The losing party incurs the burden of demonstrating why certain costs should not be awarded. *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999).

Additionally, the court retains discretion to refuse to tax costs in favor of a prevailing party. *K-2 Ski Co. v. Head Ski Co., Inc.*, 506 F.2d 471, 476 (9th Cir. 1974). The court "need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003). When the court exercises its discretion to deny costs, it must explain its reasons for doing so. *Id.*

    A. *Fees for Service of Summons and Complaint*

Fees for service of a document subpoena are recoverable under § 1920(1). 28 U.S.C. § 1920; *see also Alflex Corp.*, 914 F.2d at 178. Therefore, the request for $70.00 in costs for service of a document subpoena is granted.

B.     *Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case*

Fees incurred in obtaining deposition transcripts may be recovered, provided that the transcripts are "necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *see also Ass'n of Flight Attendants v. Horizon Air Indus., Inc.*, 976 F.2d 541, 551 (9th Cir. 1992). However, "a party cannot recover costs for copies prepared for the convenience of the attorneys." *Alexander Mfg., Inc. Emp. Stock Ownership & Trust v. Ill. Union Ins. Co.*, 688 F. Supp. 2d 1170, 1177 (D. Or. 2010).

Plaintiff objects to defendant's request for deposition transcript fees on the ground that the copies were "superfluous and unnecessary" in pursuit of the instant litigation. (Obj. [47] at 3.) The gravamen of plaintiff's argument concerns the fact that plaintiff provided a copy of the deposition transcript in response to defendant's request for production. (*Id.* [47].) In reply, defendant contends that whether or not it could have "pursued other options to gather" the transcript is irrelevant. (Reply. [49] at 2.)  Rather, the cost is recoverable because defendant actually incurred it in obtaining the transcript and the transcript was used in preparation for the motion for summary judgment. (*Id.* [49].) I disagree with defendant. Plaintiff previously provided defendant a copy of the deposition transcript. The procurement of a second copy was merely for the convenience of defendant's counsel. Consequently, defendant's request for $232.25 in costs for copies of deposition transcript fees is denied.

C.     *Fees and Disbursements for Printing*

Under § 1920, "fees and disbursements for printing" are recoverable. 28 U.S.C. § 1920(3). Plaintiff challenges defendant's costs of $632.35 in printing fees for failure to explain their nature and purpose of the document production. (Obj. [47] at 3–4.) Defendant argues that

3 – OPINION AND ORDER

the costs are recoverable because the document production was "in response to plaintiff's discovery requests in this case." (Reply [49] at 2.) Accordingly, I find that document production for a discovery request fits within 28 U.S.C. § 1920(3) and award defendant $632.35 in costs.

   D.   *Fees for Witnesses*

Witness fees are a recoverable cost under 28 U.S.C. § 1920(3). "To be taxable as costs the witnesses' testimony must be material to an issue tried and reasonably necessary to its disposition." *United Cal. Bank v. THC Fin. Corp.*, 557 F.2d 1351, 1361 (9th Cir. 1977). Plaintiff asserts that defendant has failed to meet its burden on this cost because defendant's witness never appeared or testified before this Court. (Obj. [47] at 4–5.) I agree. Therefore, the request for $40.00 in costs for witness fees is denied.

## CONCLUSION

For the foregoing reasons, I GRANT IN PART defendant's bill of costs [46]. Defendant is awarded costs in the amount of $702.35.

IT IS SO ORDERED.

DATED this   22nd   day of February, 2013.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge